# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HILTON THOMAS, # 33062-037 | * | |
| Petitioner | * | Civil Action No.  WMN-11-1932 |
| | | Criminal Action No. WMN-97-355 |
| v | * | |
| UNITED STATES | * | |
| Respondent | * | |

***

## MEMORANDUM

Pending is Hilton Thomas' self-styled motion entitled "First Amendment Petition Article I, for a Redress of Grievances under the United States Constitution for Constitutional Violations." ECF No. 349 For reasons to follow, the court will treat the petition as a Motion to Vacate, Set Aside or Correct pursuant 28 U.S.C. §2255, and will DISMISS the petition without prejudice for lack of jurisdiction.

### I.     Background

Thomas was convicted by a jury in this court of murder, attempted murder, and conspiracies to commit murder and retaliate against witnesses. He was sentenced to life imprisonment.

Thomas' conviction and sentence were affirmed on appeal. *See United States v. Thomas*, 18 Fed Appx. 224 (4th  Cir. 2001). Subsequently, Thomas filed a Motion to Vacate, Set Aside or Correct Sentence which this court denied in *Thomas v. United States*, Civil Action No. WMN-03-883 (D. Md), and his appeal of that decision was dismissed and a Certificate of Appealability was denied. ECF No. 318. In 2006, Thomas' second § 2255 motion was dismissed. ECF No. 324.

In the instant petition, Thomas alleges, *inter alia*, that his constitutional rights under the Fourth, Fifth, Sixth, and Eighth Amendments were violated because of prosecutorial misconduct, false witness testimony, inconsistent verdicts, and ineffective assistance of counsel. Petition, pp. 5-18. Thomas specifically states that this petition "is not a 2255" *Id*, p. 1.

**II.     Discussion**

A Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is the presumptive means for a federal inmate to collaterally attack his sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). Although the court construes the pleadings of pro se litigants liberally, Thomas may not circumvent statutory requirements for successive § 2255 petitions by characterizing his motion otherwise. *See Calderon v. Thompson*, 523 U.S. 538, 553-54 (1998); *see also United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (ruling that courts must not allow prisoners to circumvent procedural and substantive limitations on successive §2255 petitions by attaching other labels to the pleading). Where, as here, a petitioner clearly intends to collaterally attack his judgment, the pleading is properly examined as a motion filed pursuant to 28 U.S.C. § 2255.

Thomas has already filed one motion to vacate which was denied by this court. Consequently, the instant motion is a second or successive § 2255 petition. A district court may consider a second or successive § 2255 petition only if a petitioner has obtained pre-filing authorization from the court of appeals. *See* 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A). Thomas provides no evidence of compliance with this procedural requirement, and his successive §2255 motion must be dismissed without prejudice for lack of jurisdiction.

### III. Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)). Petitioner has not made the requisite showing in these circumstances, and the court declines to issue a certificate of appealability. Denial of a certificate of appealability does not prevent petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

### IV. Conclusion

To pursue his claims, Thomas must first obtain certification from the Fourth Circuit Court of Appeals to file a successive § 2255 motion. Because he does not present any such certification with his current motion, this petition must be dismissed without prejudice. Petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), and a certificate of appealability is denied. A separate Order follows.

/s/

7/19/2011
Date

William M. Nickerson
Senior United States District Judge