IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
UNITED STATES OF AMERICA      *
                              *
v.                            *
                              *    Criminal No. WMN-97-355
HILTON THOMAS                 *
                              *
  *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

**MEMORANDUM**

Before the Court is the Government's "Motion to Vacate Defendant's Motion under 28 U.S.C. § 2255."[1]  ECF No. 423.  The relevant procedural history follows.

On February 19, 1999, this Court sentenced Defendant Hilton Thomas to a term of life imprisonment under the then-applicable mandatory sentencing guidelines.  Mr. Thomas has since filed several motions under § 2255 which were denied.  See ECF No. 258 (filed March 26, 2003); ECF No. 322 (filed September 29, 2006) and ECF No. 349 (filed July 14, 2011).  On June 25, 2012, the Supreme Court issued Miller v. Alabama, 132 S. Ct. 2455 (2012), in which the Court held that the imposition of a mandatory, life-without-the-possibility-of-parole sentence on a homicide offender who was a juvenile at the time of the offense violates the Eighth Amendment.  On June 19, 2013, the Fourth Circuit issued an order granting authorization to Mr. Thomas to file a

---

[1] While the Government's motion is captioned as a motion to vacate Mr. Thomas's motion, the appropriate remedy would be to vacate the Court's order granting Mr. Thomas's motion.

successive application for relief under § 2255.  Mr. Thomas filed that authorized motion to vacate his sentence in this Court on June 21, 2013.  ECF No. 362.

Consistent with a directive from the Department of Justice expressing the belief that Miller would be applied retroactively to cases on collateral review, the Government responded to Mr. Thomas's motion on September 9, 2013, indicating that it agreed that resentencing would be appropriate but that it would again be seeking a life sentence for Mr. Thomas.  On January 9, 2014, the Court granted Mr. Thomas's motion to vacate his sentence and on January 17, 2014, issued an order setting out an extended briefing scheduling for the resentencing.  On March 5, 2015, however, after Mr. Thomas had filed his resentencing memorandum but before the Government filed its memorandum, the Fourth Circuit issued a published opinion holding that, under the framework for determining retroactivity set out by the Supreme Court in Teague v. Lane, 489 U.S. 288 (1989), Miller should not be applied retroactively to cases on collateral review.  Johnson v. Ponton, 780 F.3d 219 (4th Cir. 2015).

In response to the Johnson v. Ponton decision, the Government filed the pending "Motion to Vacate the Defendant's Motion" on March 11, 2015.  Mr. Thomas opposed that motion, arguing that "Teague is not jurisdictional and the government expressly waived any claim that Teague bars review here."  ECF

2

No. 424 at 1.  The Government then responded that, regardless of whether Teague is jurisdictional, the 1996 Antiterrorism and Effective Death Penalty Act (AEDPA) created a non-waivable, jurisdictional bar against this court considering any successive § 2255 motion absent a showing that the motion is based on "'a new rule [] of constitutional law, [] made retroactive to cases on collateral review by the Supreme Court, [] that was previously unavailable.'"  ECF No. 426 at 3-4 (quoting 28 U.S.C. § 2255(h)(2)).[2]  Because the Fourth Circuit's binding decision in Johnson now prevents this Court from finding that Miller announced a new retroactive constitutional rule, the Government contends that this Court must conclude that Mr. Thomas's motion is barred as a successive petition.  Although the parties have submitted several letters challenging various representations of the opposing party, see ECF Nos. 427, 428, and 429, counsel for Mr. Thomas did not directly address the jurisdictional bar of the AEDPA.

---

[2] The cases cited by Mr. Thomas in arguing that Teague is not jurisdictional do not assist him in avoiding the jurisdictional bar of the AEDPA.  Two of the cases, Schiro v. Farley, 510 U.S. 222 (1994), and Caspari v. Bohlen, 510 U.S. 383 (1994), predate the AEDPA.  The third case, Danforth v. Minnesota, 552 U.S. 264 (2008), addressed whether State courts were bound by the Teague rule when determining whether new rules of criminal procedure should be given retroactive effect in State courts.  Neither Dansforth nor the two cases cited in Dansforth for the proposition that "States can waive a Teague defense" addressed the treatment of successive petitions under the AEDPA.

3

With some reluctance, the Court must agree with the Government that this Court has no jurisdiction to resentence Mr. Thomas. The AEDPA's jurisdictional bar to successive petitions is not a bar that can be waived by the Government. See Fermin v. United States, 859 F. Supp. 2d 590, 599 (S.D.N.Y. 2012) ("If a § 2255 petition is successive [], the Government cannot waive the successiveness issue, and a district court has no discretion whatsoever to proceed to the merits.") (citing Corrao v. United States, 152 F.3d 188, 191 (2d Cir. 1998)). While the Fourth Circuit did authorize Mr. Thomas to file his motion, such authorization is based simply on a "prima facia showing," which is understood to mean "a sufficient showing of possible merit to warrant a fuller exploration by the district court." McLeod v. Peguese, 337 F. App'x 316, 323 (4th Cir. 2009). That authorization, according to the Fourth Circuit, is "tentative in the following sense: the district court must dismiss the motion that we have allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion." Id. (internal quotation omitted). "The district court then is the second 'gate' through which the petitioner must pass before the merits of his or her motion are heard" and it "must conduct a 'thorough' review to determine if the motion 'conclusively' demonstrates that it does not meet AEDPA's second or successive

4

motion requirements." Reyes-Requena v. United States, 243 F.3d 893, 899 (5th Cir. 2001). As this Court conducts that "second gate" review, it is bound by the Fourth Circuit's decision in Johnson and thus must find the motion barred.

Counsel for Mr. Thomas suggests that, should the Court agree with the Government that the Fourth Circuit's decision in Johnson compels the conclusion that this Court has no jurisdiction over Mr. Thomas's claims, it should nonetheless withhold ruling on the instant motion until the Supreme Court resolves the split in the Circuits on the issue of the retroactivity of Miller. On March 23, 2015, the Supreme Court granted certiorari in Montgomery v. Louisiana, No. 14-280, 2015 WL 1280236 (U.S. Mar. 23, 2015), a case in which it may resolve that very issue. This Court, however, declines counsel's suggestion. First, there is a question if the Supreme Court will even reach the issue as it invited the parties to brief and argue whether the Court even has jurisdiction to decide if the Supreme Court of Louisiana correctly refused to give Miller retroactive effect. Id.; see also, Montgomery v. Louisiana, No. 14-280, 2015 WL 1400856 (U.S. Mar. 30, 2015) (inviting an amicus curiae to brief and argue against the Court's jurisdiction to decide the issue). Second, if Mr. Thomas appeals this Court's decision and prevails on his waiver argument, there would be no

need to wait on the any Supreme Court decision regarding the retroactivity of Miller.

    For these reasons, the Court will vacate its January 9, 2014, Order granting Mr. Thomas's Motion to vacate his sentence. A separate order will issue.

                                                            _____/s/_____
                                             William M. Nickerson
                                           Senior United States District Judge

DATED: April 16, 2015