```
                   IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF MARYLAND


UNITED STATES OF AMERICA     *
                             *
v.                           *
                             *   Criminal No. WMN-97-355
HILTON THOMAS                *
                             *
     *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

**MEMORANDUM**

On April 16, 2015, this Court issued a Memorandum and Order, ECF Nos. 430 & 431, vacating a previous Order dated January 9, 2014. ECF No. 375.[1] That previous Order had granted, with the Government's consent, Defendant's motion to correct his sentence under 28 U.S.C. § 2255. On April 21, 2015, the Court issued a Certificate of Appealability (COA) on the issue of the Government's waiver of the Antiterrorism and Effective Death Penalty Act's bar to successive petitions. ECF No. 432. Defendant then filed a motion to amend the April 21, 2015, COA to also include the issue of whether Miller v. Alabama, 132 S. Ct. 2455 (2012), is retroactively applicable to cases on collateral review. ECF No. 433. In the alternative, Defendant asked that the Court vacate its April 16, 2015, Order and hold his § 2255 Petition in abeyance until the Supreme Court renders

---

[1] The procedural history of this action and legal reasoning for that decision is laid out in that memorandum opinion and will not be repeated here but is incorporated by reference.

a decision in Montgomery v. Louisiana, 135 S. Ct. 1546, 2015 WL 1280236 (Mar. 23, 2015).  Id.

In its response to Defendant's motion, ECF No. 437, the Government observes that the Court's April 16, 2015, Order did not expressly deny Defendant's § 2255 Petition.  Thus, it was not an appealable final order and, accordingly, the Court's April 21, 2015, COA should be vacated and the Defendant's motion to amend that COA should be denied as moot.  The Government also urged the Court to issue a final order dismissing Defendant's § 2255 Petition.  In his reply memorandum, Defendant agrees that, while the Court's April 16, 2015, memorandum opinion clearly evinced the intent to dismiss Defendant's petition, the accompanying order did not expressly deny that petition. Accordingly, Defendant expressed his willingness to withdraw his motion to amend the COA and alternative motion for reconsideration.

In true lawyerly fashion, counsel for the Government and Defendant have devoted many pages to explain that they are now in general agreement as to the primary procedural issues now before the Court: first, that a final appealable order is needed expressly dismissing Defendant's § 2255 Petition; second, that accordingly, the Court's previous COA was issued prematurely and should be vacated; and third, that a new COA should be granted as to the issue of whether Miller v. Alabama is retroactively

applicable to cases on collateral review.  While the Government has expressed no view as to the appropriateness of a COA on the issue of the Government's waiver of the Antiterrorism and Effective Death Penalty Act's bar to successive petitions, the Court has previously held that this is an issue about which reasonable jurists could disagree and the Court remains of that opinion.  See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

    The Court will issue a separate order implementing the resolution of these issues.

                                        _____/s/_____
                                        William M. Nickerson
                                        Senior United States District Judge

DATED: June 8, 2015