IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIMINAL NO. JKB-97-0355** |
| **HILTON THOMAS,** | * | |
| **Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Pending before the Court is Hilton Thomas's Motion for Compassionate Release. (ECF No. 583.) For the reasons set forth in this Memorandum, the Motion will be denied.

### I. Factual and Procedural History

The Court outlined the factual and procedural history of this case in a prior Memorandum. As the Court explained then:

> In 1999, Thomas was sentenced to life in prison after a jury found him guilty of murder, conspiracy to murder in aid of racketeering, conspiracy to retaliate against a witness, and conspiracy to distribute narcotics. (ECF No. 193.) These convictions stemmed from his involvement with a violent drug operation in East Baltimore led by Anthony Jones, who ordered then-seventeen-year-old Thomas to murder John Jones after John Jones testified in a federal drug case. (Mem. Supp. Mot. Compassionate Release, ECF No. 539; Presentence R. & R. ¶ 5.) In 2016, Thomas's life sentence was vacated and he was resentenced to 480 months of incarceration (ECF No. 466) after the Supreme Court decided *Miller v. Alabama*, which deemed mandatory life sentences without parole unconstitutional when imposed on juvenile offenders. 567 U.S. 460 (2012). In August of 2021, this Court granted Thomas's first Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), (ECF No. 491), reducing his sentence to 420 months after considering Thomas's youth at the time of his crimes, his "excessively long sentence" compared to the national average for murder, his "unusually difficult personal history," and his "notable personal improvements" since conviction. (ECF No. 520.)

(ECF No. 566.) Thereafter, Thomas filed another motion seeking compassionate release, which the Court denied in November 2022. (*Id.*) The Court concluded that he did not present

extraordinary and compelling reasons warranting a further reduction in his sentence, finding that the five-year disparity between Thomas's sentence and those of two co-conspirators was warranted based upon Thomas's murder of a witness. (*Id.*) The Court also found that the 18 U.S.C. § 3553(a) factors did not favor his release, even assuming that Thomas had established extraordinary and compelling reasons. (*Id.*) The Fourth Circuit affirmed this decision. (ECF No. 577.)

## II. Analysis

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is permitted by "the factors set forth in section 3553(a) to the extent that they are applicable." In the instant Motion, Thomas argues that he establishes extraordinary and compelling reasons warranting a further reduction in his sentence for three reasons: the Bureau of Prison's failure to apply earned time credits to his sentence; his exemplary conduct and rehabilitation; and his strong family support and community ties. (ECF No. 583.) None of these arguments rise to the level of an extraordinary and compelling reason warranting a further reduction in his sentence.

With respect to his argument relating to earned time credits, a motion for compassionate release is not the appropriate vehicle. "A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court." *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989); *see also United States v. Franks*, Crim. No. 17-174-MOC-DCK, 2023 WL 3959391, at *3 (W.D.N.C. June 9, 2023) ("Defendant's challenge to the computation of his federal sentence and the consideration of good-time credits is a claim properly asserted under 28 U.S.C. § 2241, not in a claim for compassionate release."). Thomas is not incarcerated in this district.  *See* BOP Inmate Locator, available at

2

https://www.bop.gov/inmateloc/ (visited on November 14, 2024) (reflecting that Thomas is incarcerated at FCI Berlin, in the District of New Hampshire). Accordingly, the Motion will not be granted on that basis.

With respect to Thomas's arguments regarding his exemplary conduct, rehabilitation, and familial and community support, although these are all heartening (and indeed the Court considered his rehabilitation and conduct in prison in reducing his sentence in 2021), the Court does not find that they qualify on their own as extraordinary and compelling reasons warranting a further sentence reduction. *See, e.g.*, *United States v. McGurk*, Crim. No. 02-00190-FDW, 2023 WL 4939385, at *4 (W.D.N.C. Aug. 2, 2023) ("Defendant's record of rehabilitation, verified release plan, and family support do not establish extraordinary and compelling reasons supporting a sentence reduction."); *United States v. Threatt*, Crim. No. 06-00417-FDW, 2023 WL 6466571, at *5 (W.D.N.C. Oct. 4, 2023) ("While [rehabilitative evidence] is appropriate to consider as part of the analysis, a clean disciplinary record alone is insufficient to create eligibility for a reduced sentence because Congress has made clear that 'rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason' for a modification under section 18 U.S.C. § 3582(c)(1)(A).").

Moreover, even if Thomas had established an extraordinary and compelling reason for purposes of this Motion, the 18 U.S.C. § 3553(a) factors do not favor his release. The Court reviewed these factors in detail in its August 2021 Memorandum and Order reducing his sentence from 480 to 420 months, and in its November 2022 Memorandum and Order denying Thomas's prior motion for compassionate release. (*See* ECF No. 520 (analyzing in detail the § 3553(a) factors and concluding that a sentence of 420 months was the appropriate sentence); ECF No. 566 (explaining that "the retaliatory murder of a witness constitutes an attack not only on public safety,

but also on the judicial process," and that a lengthy sentence of 420 months was "warranted to express society's abhorrence of crimes designed to frustrate the very operation of the justice process").) The same reasoning animates the Court's conclusion today that 420 months remains the sentence that is sufficient but not greater than necessary.

### III. Conclusion

Accordingly, it is ORDERED that Thomas's Motion (ECF Nos. 583) is DENIED.

DATED this __18__ day of November, 2024.

BY THE COURT:

James K. Bredar
United States District Judge