**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **v.** | * | **CRIMINAL NO. JKB-97-0355** |
| **HILTON THOMAS,** | * | |
| **Defendant.** | * | |

* * * * * * * * * * * *

**MEMORANDUM AND ORDER**

Pending before the Court is Hilton Thomas's Motion for Compassionate Release. (ECF No. 600.) The Motion will be denied.

## I. Background

The Court outlined the factual and procedural history of this case in a prior Memorandum. As the Court explained then:

> In 1999, Thomas was sentenced to life in prison after a jury found him guilty of murder, conspiracy to murder in aid of racketeering, conspiracy to retaliate against a witness, and conspiracy to distribute narcotics. (ECF No. 193.) These convictions stemmed from his involvement with a violent drug operation in East Baltimore led by Anthony Jones, who ordered then-seventeen-year-old Thomas to murder John Jones after John Jones testified in a federal drug case. (Mem. Supp. Mot. Compassionate Release, ECF No. 539; Presentence R. & R. ¶ 5.) In 2016, Thomas's life sentence was vacated and he was resentenced to 480 months of incarceration (ECF No. 466) after the Supreme Court decided *Miller v. Alabama*, which deemed mandatory life sentences without parole unconstitutional when imposed on juvenile offenders. 567 U.S. 460 (2012). In August of 2021, this Court granted Thomas's first Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), (ECF No. 491), reducing his sentence to 420 months after considering Thomas's youth at the time of his crimes, his "excessively long sentence" compared to the national average for murder, his "unusually difficult personal history," and his "notable personal improvements" since conviction. (ECF No. 520.)

(ECF No. 566.) Thereafter, Thomas filed two additional motions seeking a reduction in his

sentence. The Court denied both, finding that he did not present extraordinary and compelling reasons warranting a further reduction in his sentence and finding that the § 3553(a) factors did not favor his release. (ECF Nos. 566, 597.) Hilton then filed the pending Motion, which also seeks a reduction in his sentence.

## II. Legal Standard

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is permitted by "the factors set forth in section 3553(a) to the extent that they are applicable."

The Court must also consider whether the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). In November 2023, the Sentencing Commission issued guidance about what qualifies as extraordinary and compelling reasons. *See* U.S.S.G. § 1B1.13. The Fourth Circuit has held that "district courts deciding motions for compassionate release after November 1, 2023, should apply § 1B1.13 when rendering their decisions." *United States v. Crawley*, 140 F.4th 165, 170 (4th Cir. 2025).

## III. Analysis

Thomas fails to set forth extraordinary and compelling reasons pursuant to § 3582(c)(1)(A). Further, the § 3553(a) factors do not favor a sentence reduction. The Motion will be denied.

### A. Extraordinary and Compelling Reasons

Thomas presents the following circumstances as extraordinary and compelling reasons justifying his release: (1) the length of his incarceration; (2) his status as a juvenile at the time of the offense; (3) his rehabilitation and successful community reintegration (given that he is in a Residential Reentry Center); and (4) his status as the primary and only consistent caregiver for his

pregnant wife. (ECF No. 600.)

The Court is not convinced that these circumstances amount to extraordinary and compelling circumstances. With respect to the first two reasons provided by Thomas (the length of his incarceration and his youth at the time of the offense), the Court already took these facts into account when it reduced Thomas's sentence in 2021. (*See generally* ECF No. 520.) It also took into account these facts in crafting the appropriate sentence. (*Id.*)

Second, in the absence of other extraordinary and compelling reasons, rehabilitation is not enough. U.S.S.G. § 1B1.13(d) ("[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted."). While the Court commends Thomas on his positive rehabilitative steps, this on its own is insufficient to establish an extraordinary and compelling reason.

Third, U.S.S.G. § 1B1.13(b)(3)(B) provides that "[t]he incapacitation of the defendant's spouse . . . when the defendant would be the only available caregiver for the spouse . . ." can be an extraordinary and compelling reason for purposes of § 3582(c)(1)(A). However, while the Court is sympathetic to Thomas's spouse's pregnancy and any attendant difficulties, the record—including the letter from Thomas's spouse and her medical records—does not reflect that Thomas's spouse is incapacitated.

Thus, Court concludes that Thomas has not presented extraordinary and compelling reasons for purposes of § 3582(c)(1)(A).

**B. Section 3553(a) Factors**

Even if Thomas had presented extraordinary and compelling reasons justifying his release,

the § 3553(a) factors do not favor a reduction in his sentence. Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

The Court described its reasoning for imposing a reduced 420-month sentence in detail in its Memorandum and Order granting Thomas's request for a reduction in sentence. (ECF No. 520 at 5–8.) Those considerations—in particular the nature and seriousness of the offense—continue to animate the Court's conclusion that 420 months remains the appropriate sentence.

## IV. Conclusion

Accordingly, for the foregoing reasons, Thomas's Motion for Compassionate Release (ECF No. 600) is DENIED. His Motion to Seal (ECF No. 601), seeking to seal portions of his Motion for Compassionate Release including his wife's medical records, is GRANTED.

DATED this 19 day of October, 2026.

BY THE COURT:

James K. Bredar

James K. Bredar
United States District Judge